JUSTICE SHEA,
concurring.
¶20 Although I have some misgivings about the District Court’s imposition of costs without considering Thompson’s ability to pay, I must agree that our precedent compels the conclusion that Thompson has not preserved this issue for appeal. Therefore, I concur in the result. I write separately to emphasize what I see as the cautionary tale of this case, as well as the remedy that remains available to Thompson despite our ruling.
¶21 The record clearly indicates Thompson’s inability to pay the costs imposed—thus, the County Attorney’s recommendation for leniency and suspension of fines because of Thompson’s financial situation and the burden to Thompson’s family. Opinion, ¶¶ 2, 16. We decline to consider this issue because Thompson failed to object “when the District Court failed to inquire into his ability to pay the costs included in the PSI.” Opinion, ¶ 15. I agree that our existing precedent, particularly McDonald, compels this result. But this nevertheless begs the question: What was Thompson supposed to object to? Although the PSI specified the items of costs that remained to be determined, the amounts of these specific costs were unresolved. Opinion, ¶ 4. Had the District Court ultimately imposed minimal costs in the written judgment because of Thompson’s inability to pay—as acknowledged by the State at the sentencing hearing—there would have been no basis for an objection. In light of the discussion at the sentencing hearing about Thompson’s inability to pay the fines, and the County Attorney’s recommendation for leniency in that regard, is it so far-fetched to conclude that Thompson reasonably expected the District Court’s assessment of the costs that were left “to be determined” would also factor in his inability to pay, as required by statute? It seems that what we are really faulting Thompson for here is less a failure to object and more a lack of prescience.
¶22 By the same token, although Thompson’s inability to pay was discussed at the sentencing hearing, I concur in our result because I cannot fault the District Court for failing to consider it when entering the written judgment nearly seven weeks later. Since the District Court remitted nearly ninety percent of Thompson’s fines at sentencing, it seems evident that the District Court’s failure to consider Thompson’s inability to pay the costs imposed in the written judgment was not reflective of the Court’s disregard for Thompson’s financial situation; it just was not on the District Court’s radar by that time. As this Court correctly notes, “Irequiring a defendant to raise the issue in the district court through a specific objection gives the *346 prosecution and the trial court the ability to avoid or correct the purported error.” Opinion, ¶ 17 (quoting Nolan, ¶ 16). This case thus illustrates the necessity of objecting at sentencing to undetermined costs—even when the defendant’s inability to pay is evident from the record—both to flag the issue for the District Court’s consideration when it enters the written judgment, as well as to preserve the issue for appeal.
¶23 Finally, notwithstanding our decision here, it bears noting that Thompson is not without a remedy. Section 46-18-232(3), MCA, provides:
A defendant who has been sentenced to pay costs and who is not in default in the payment may at any time petition the court that sentenced the defendant for remission of the payment of costs or of any unpaid portion of the costs. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant’s immediate family, the court may remit all or part of the amount due in costs or modify the method of payment.
(Emphasis added.) Thompson could have petitioned the District Court for remission when the written judgment was issued. Assuming Thompson’s financial situation remains unchanged from when he was sentenced, and he is not in default in his payments, he may yet petition the District Court for relief.
¶24 For the foregoing reasons, I concur in the result reached by the Court.
CHIEF JUSTICE McGRATH, JUSTICES WHEAT and SANDEFUR join the concurrence.